**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian Darnell BERKLEY, Sr., Defendant–Appellant.**

**No. 15–55341.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 23, 2015.

Jean–Claude Andre, Assistant U.S., Puneet V. Kakkar, Office of the U.S. Attor-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ney, Los Angeles, CA, for Plaintiff–Appellee.

Brian Darnell Berkley, Sr., Adelanto, CA, pro se.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

### MEMORANDUM **

Federal prisoner Brian Darnell Berkley, Sr., appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to deny a section 2255 motion, *see United States v. Aguirre–Ganceda*, 592 F.3d 1043, 1045 (9th Cir.2010), and we affirm.

Berkley contends that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1. He also argues that counsel was ineffective for misadvising him that if he went to trial, he would be subject to the career offender enhancement and a mandatory life sentence for his violation of 18 U.S.C. § 2113.

The government responds that Berkley's motion is untimely. We agree. Berkley filed his motion more than a year after his conviction became final, and he fails to allege the violation of a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.), *cert. denied*, —— U.S. ——, 136 S.Ct. 256, —— L.Ed.2d ——

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2015) (the Supreme Court did not announce a new rule in *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013)). Because habeas claims that are not raised before the district court are not cognizable on appeal, *see Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994), we do not consider Berkley's claim that he is "actually innocent" of the predicate offenses underlying the U.S.S.G. § 4B1.1 enhancement.

**AFFIRMED.**